COLLEY et al. v. CANAL BANK & TRUST
CO. et al.
No. 11762.

Circuit Court of Appeals, Fifth Circuit.
Jan. 20, 1947.

Harry McCall, of New Orleans, La., for appellants.

Alfred C. Kammer, Leonard B. Levy, Walter M. Barnett, Jr., and Harry B. Kelleher, all of New Orleans, La., for respondents.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

SIBLEY, Circuit Judge.

These appeals are in a consolidation for trial of two similar suits brought by appellants on November 29, 1941, against the appellees, and are taken from a judgment dismissing them because barred by prescription of one year under the Civil Code of Louisiana, Article 3536. We find it necessary to examine only the question of prescription.

The plaintiffs are sisters who until the time of suit were living with their father in Alabama and are citizens of that State. The older sister was born Oct. 7, 1918, and married March 2, 1937, whereupon she became under the laws of Alabama possessed of the rights and abilities of a person twenty-one years old. On Sept. 20, 1941, she was appointed guardian for her sister, who was still a minor, and the following November 29 brought these suits, one in her own behalf and one as guardian for her sister. Neither sister knew they had owned shares of stock in the Louisville and Nashville Railroad Company until early in 1941. In fact each had been willed 400 shares of such stock by their grandfather, for which the Railroad Company in 1929 issued in the name of each the certificates for her shares. Their father, though never appointed guardian of their property, about Feb. 10, 1930,

indorsed the name of his daughter ·on the certificates belonging to each, and the indorsed certificates were sent to the Canal Bank and Trust Company in New Orleans, Louisiana, for sale for the account of W. B. Folmar and Sons, bankers in Alabama. The Canal Bank had H. and B. Beer, stock brokers of New Orleans, to make the sale, and it was accomplished through the New York Stock Exchange. The proceeds, less commissions, were paid to Canal Bank, which credited to W. B. Folmar and Sons $100,-000, and to the father $9,368. What they did with the money does not appear.

The suits are against the present representatives of the Canal Bank, and of H. and B. Beer, for the conversion of the stock.

■ It is not denied that the suits are of such nature as are subject to the prescription of one year fixed by Article 3536 of the Civil Code of Louisiana which is in paragraph I of Section 3 of Chapter 3. Article 3541 reads: "The prescription mentioned in the preceding article, and those provided in paragraphs I and II of section three (3) of chapter three (3) of this title, shall run against married women, minors and interdicted persons, reserving, however, to minors and interdicted persons recourse against their tutors or curators. This prescription shall also run against persons residing out of the State." Since neither the Canal Bank nor any person sued was a tutor or curator of these plaintiffs at any time, neither the minority nor the non-residence of the plaintiffs can help them.

■ It is therefore argued that their ignorance, and especially the fraud of their father, with whom they were living till within a year of suing, operated to make it impossible for them to sue earlier, he being under duty to disclose the facts to them but having concealed them; so that a judicial exception from the statute of prescription will be made under the maxim, contra non valentem agere non currit prescriptio. The application of this maxim in Louisiana was early examined in Reynolds v. Batson, 11 La.Ann. 729, and confined generally to three classes of cases, the third only being of possible application here, towit: "The third class of cases is where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action." The matter was elaborately reviewed recently in Smith v. Tyson, 193 La. 571, 192 So. 61, wherein the Supreme Court, on reviewing both its own decisions and that of this court in Arkansas National Gas Co. v. Sartor, 5 Cir., 78 F.2d 924, held that neither ignorance of rights nor non-residence would avail to defeat prescription, nor would mere passivity of the debtor, but there must be activity or machinations of the debtor lulling his creditor into a false security. So the law is stated also in Hyman v. Hibernia Bank, 139 La. 411, 71 So. 598. This is for us a controlling statement of law.

■ No machination or concealing activity on the part of any defendant here sued is alleged or proven. For aught that appears both the Canal Bank and H. and B. Beer believed the indorsements of the stock were genuine and never knew until 1941 that any wrong had been done the plaintiffs or that they were minors. We need not determine whether if the father were sued in Louisiana his silence might as to him, because of his confidential relationship to his minor children, be such machination or fraudulent concealment as to prevent his taking advantage of the prescription. We do hold that there was no such collusion or joint activity shown between him and the Canal Bank and H. and B. Beer or those now representing them as would impute his conduct to them and save these suits from the bar of prescription.

■ Appellant cites Louisiana Oil Ref. Corporation v. Gandy, 168 La. 37, 121 So. 183; and Walter v. Caffall, 192 La. 447, 188 So. 137, as holding that ignorance of one's rights may prevent the running of prescription. The Gandy case related to the equitable right to reform a deed, and turned on the date at which the right arose, the holding being that in such a case prescription did not begin to run till discovery of the fraud or mistake, or until by reasonable diligence discovery should have been made. This equitable principle we think has no application to a suit for conversion, the right to sue for which at law arises at the time of the conversion. The Walter

case had to do with a suit to set aside a conveyance for the benefit of creditors and to recover on a note, and without the citation of a single former decision or Article of the Code the holding was made that a reasonable ignorance prevented prescription. We cannot regard this case as upsetting or overruling those we have cited, and indeed Smith v. Tyson, supra, is the latest of them all.

Judgment affirmed.