HEARD, Judge.
On February 14, 1966 William H. Bau-mann (also spelled Bauman) and Mertis C. Baumann filed a petitory action against H. Leo Greengus, Mrs. Ruby G. Bauman and Mrs. Vera Shute Lake. Plaintiffs alleged they were the true and lawful owners of an undivided one-third interest in certain immovable property located in Shreveport; that they acquired their interest in the property through their ownership of stock in the K. C. S. Drug Company, Inc. and that they owned 100 shares of stock and never sold or otherwise disposed of these shares. All stock certificates and stock record books were destroyed in a fire on or about January 15, 1928 and new stock certificates were never issued. On or about December 10, 1935, L. J. Bauman, R. G. Bauman, and T. B. Byles, representing themselves to hold all of the outstanding *174 stock in K. C. S. Drug, caused the corporation to be dissolved. By deed recorded February 27, 1936, T. B. Byles, as liquidator of K. C. S. Drug, conveyed the property in dispute to L. J. Bauman. The consideration for this sale was delivery by L. J. Bauman of all of the capital stock of K. C. S. Drug and the assumption by L. J. Bauman of all outstanding liabilities of K. C. S. Drug. On January 25, 1966, Ruby G. Bauman and Vera Shute Lake sold the property in dispute to H. Leo Greengus for $35,000. It is further alleged by plaintiffs that this sale is subject to lesion beyond moiety and H. Leo Greengus is not a bona fide purchaser.
Plaintiffs prayed to be recognized as owners of a one-third interest in the property. In the alternative, they ask that they be given judgment against Ruby G. Bau-man and Vera Shute Lake for one-third of the purchase price of the property.
On February 25, 1966, Bertha Baumann intervened in this suit alleging substantially the same things as William H. Baumann and Mertis C. Baumann and praying for the same relief. Bertha Baumann alleged that she was owner of 97 shares of K. C. S. Drug stock. On March 3, 1966 H. Leo Greengus filed exceptions of no cause or right of action. This exception was sustained and the suit against H. Leo Green-gus was dismissed. On March 14, 1966 Ruby G. Bauman and Vera Shute Lake filed exceptions of no cause or right of action and pleas of ten and thirty years acquisitive prescription and ten and thirty years liberative prescription. The exceptions of no cause or right of action were sustained.
On March 23, 1971 Bertha Baumann amended her petition of intervention, re-alleging all the allegations in her original petition and amending it to claim a percentage interest in the damages paid by the city of Shreveport in 1957 when the Murphy Street overpass encroached upon the disputed property. Further, she amended her petition to include a claim for her percentage interest in the rental income paid under a contract of lease wherein the Davis Wholesale Drug Company leased the premises in question.
On March 23, 1971 William C. Bauman, substituted plaintiff for William H. Bau-mann and Mertis C. Baumann, amending the original petition of his parents to include the same claims as Bertha Baumann.
On March 30, 1971 Shirley M. Greengus, executrix of the estate of H. Leo Green-gus, filed exceptions of no cause or right of action. These exceptions were sustained. On April 21, 1971 Ruby G. Bau-man and Vera Shute Lake filed exceptions of no cause or right of action and pleas of ten and thirty years acquisitive prescription and three and ten years liberative prescription. The minutes of the court reflect that these exceptions and pleas were sustained by agreement and plaintiffs were allowed ten days in which to amend their petitions.
On May 6, 1971 Bertha Baumann filed an amending petition asserting a claim for an accounting of the corporate assets formerly belonging to K. C. S. Drug. She alleged that K. C. S. Drug was fraudulently dissolved and that she was not informed of this until 1963. She claimed 9%97 of the $35,000 purchase price of the property sold to H. Leo Greengus, the purchase price of corporation property conveyed to the city of Shreveport, and the revenue derived from the aforementioned lease agreement.
On May 6, 1971 William C. Bauman filed an amending petition alleging substantially the same things as Bertha Bau-mann. He claims a 10%97 interest in the disputed matters. On May 18, 1971 Ruby G. Bauman and Vera Shute Lake filed exceptions of no cause or right of action and pleas of ten and thirty years acquisitive prescription and three and ten years libera-tive prescription. The minutes of the court reflect that on May 24, 1971 the exceptions and pleas were argued and submitted on briefs. On August 11, 1971 the trial judge in written reasons sustained the plea of ten years liberative prescription.
*175 As stated, William C. Bauman and Bertha Baumann contended that they had no knowledge of the fraudulent dissolution of K. C. S. Drug until 1963. The trial judge held that the facts alleged in the petitions and the public records introduced did not show concealment on the part of Ruby G. Bauman and Vera Shute Lake. Since the court found no trick or contrivance on the part of defendants, he held the action has prescribed. Judgment was rendered sustaining the plea of ten years liberative prescription and rejecting plaintiffs’ demands.
William C. Bauman and Bertha Bau-mann perfected a devolutive appeal from this judgment, assigning as error the following: (1) the trial court erred in deciding this case on an exception of ten years liberative prescription without taking evidence on the facts of the case, and (2) the trial court erred in holding that the plea of liberative prescription of ten years was valid.
As to the first assignment of error, LSA-C.C.P. Art. 931 provides:
“On the trial of the peremptory exception pleaded at or prior to the trial of the case, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition.”
As previously stated the minutes of the court reflect that the plea of prescription was “ * * * argued and submitted on briefs to be filed in 30 and IS days.” No where in the record of this case is there an indication that appellants objected to this method of deciding the plea of prescription, Assuming arguendo that appellants had a right to introduce evidence on the plea of prescription, they certainly have waived this right by failing to make objection to the nonintroduction of evidence. One cannot assert that his “day in court” has been denied where there is no showing of an attempt to gain same.
As to the second assignment of error, appellants argue that prescription did not commence to run until 1963 due to the concealment of facts surrounding the dissolution of K. C. S. Drug. Appellants cite Smith v. Tyson, 193 La. 571, 192 So. 61 (1939) in support of their proposition. Appellants seek the benefit of the Latin maxim “contra non valentem agere non currit prescriptio”, meaning “no prescription runs against a person unable to bring an action.” As quoted in Smith v. Tyson, supra:
“ * * * Under the law of Louisiana prescription does not run against one who is ignorant of his rights, provided the party pleading it has been guilty of fraud that contributes to the want of knowledge on the part of plaintiff. Hyman v. Hibernia Bank & Trust Co., 139 La. 411, 71 So. 598. . . . ” [192 So. 61, 63]
In the instant case, the actions of the party pleading prescription were spread upon the public records. The dissolution of K. C. S. Drug, the acquisition of the property by L. J. Bauman, and the lease of the property to Davis Wholesale Drug Company were actions made public by defendants’ ancestors. We discern no trick or contrivance that prevented plaintiffs from bringing a timely action to protect themselves. Again as quoted in Smith v. Tyson:
“ * * * Statutes of limitation are founded on public policy and are favored in the law. Mere ignorance of one’s rights will not toll the statute of limitations. Concealment by defendant only by silence is not enough. He must be guilty of some trick or contrivance tending to exclude suspicion and prevent inquiry. There must be reasonable diligence on the part of plaintiff and the means of knowledge are the same in effect as knowledge itself. . . . ” (Emphasis theirs) [192 So. 61, 63]
For the reasons stated, the judgment of the trial court is affirmed with costs to be borne by appellant.