COLE, Judge.
This case involves alleged deficiencies in state income taxes for the calendar years 1965,1967 and 1968. The events giving rise to this litigation are as follows.
Plaintiffs, Leon S. and Andrein Poirier, filed their 1965 income tax return late, on April 25, 1967. They filed their 1967 tax return timely, April 15, 1968. Plaintiffs were audited in 1971 and it was discovered they had failed to report two substantial amounts of income earned during 1965 and 1967. The source of the income was the sale of two buildings resulting in a gain to the taxpayers of $167,168.30 in 1965 and $93,698.58 in 1967. Because of the exclusion of these two sales the Poiriers paid only $76.14 (instead of the $8,030.40 due) for 1965 and paid no tax at all (instead of the $3,494.52 due) for 1967. The income for each year was reported on the respective federal tax returns. The formal assessment made on December 23, 1971, by the State Collector of Revenue (herein referred to as the Collector), was as follows:

*411

The Poiriers appealed this assessment to the Louisiana Board of Tax Appeals. A hearing was held and the board rendered judgment in favor of the Collector and against the Poiriers “for the amount of tax and interest due for the years 1965, 1967 and 1968.” The Poiriers appealed to the district court and the court overruled the decision of the board as to the 1965 taxes, finding the right to collect these taxes had prescribed. As to the 1967 taxes, the Poiri-ers were found to have owed $3,494.52[1] plus interest until paid. The trial court denied penalties for fraud and delinquency. The board’s determination of the taxes for 1968 ($6.00), plus interest was affirmed.[2] The Collector of Revenue then filed this appeal and urges two errors.
Appellant argues the court erred in holding the 1965 assessment and penalties were barred by prescription and in disallowing the fraud penalty for the 1965 and 1967 assessment.
We agree with the trial court’s conclusion concerning the prescription of the 1965 taxes. At the time the taxes were due the 1921 constitution was in effect. La. Const, art. XIX, § 19 provided in part as follows:
“... all taxes and licenses, other than real property taxes, shall prescribe in three years from the 31st day of December in the year in which such taxes or licenses are due.”
Therefore, the taxes for 1965, due on April 15, 1966, ordinarily would have prescribed on December 31,1969. The assessment was not made until December 23, 1971.
Appellant contends under La.R.S. 47:1580 the prescription running against the state is interrupted upon the filing of a false or fraudulent return and does not commence to run until the state has knowledge of the fraud and an opportunity to assert its claim. The statute reads in part as follows:
“The prescription running against any state tax, license, excise, interest, penalty or other charge shall be interrupted by: (1) The collector’s action in assessing any such amounts in the manner provided by law;
* # * * * *
“(4) The filing of a false or fraudulent return; and
* * * * sit *
“The running of such prescription may also be suspended by means of a written agreement between the taxpayer and the collector made prior to the lapse of the prescriptive period set out in the Constitution of Louisiana.” (Emphasis added.)
We find the words of the statute clear. The prescription in this case was interrupted on April 25, 1967 when the false return was filed. An interruption means the previous time running was eradicated and the prescriptive period begins running anew from the time of the interruption. Hotard v. Fleitas, Inc., 67 So.2d 345 (La.App.Orl. Cir.1953). Therefore, even though the prescription was interrupted on April 25, 1967, it began to run again and the three year period ended on April 25, 1970.[3] The assessment did not occur until after the taxes had prescribed.
Appellant’s interpretation of the statute would have us substitute the word “suspended” for the word “interrupted.” When prescription is suspended by a cause the “clock” simply stops. The time that has already run is not annihilated (as is the case *412 when prescription is interrupted) and when the suspending cause ceases the clock begins running at the same point it left off. Hotard, supra. The two terms have different meanings and we decline to substitute one for the other. Although the interpretation urged by the appellant would certainly be beneficial to the Collector, we find no authority for saying the prescription is suspended (rather than interrupted, as the statute says) until the state has an opportunity to discover the fraud and to act upon it.
Appellants contend if we interpret the statute to have interrupted prescription (rather than having stopped it completely), the doctrine of contra non valentem agere nulla currit praescriptio should apply to prevent prescription from running against them in this matter. Under this common law principle, translationally, prescription does not run against one who is unable to bring an action. Smith v. Tyson, 193 La. 571, 192 So. 61 (1939).
We decline to apply the doctrine of contra non valentem to this case. The doctrine serves as an equitable remedy for a plaintiff who, because of the defendant’s concealment, is unaware of certain facts and therefore allows the prescriptive period to run without taking action. A plaintiff in that position is unable to interrupt prescription because of his ignorance. However, in the present case, the plaintiff is protected by statute (La.R.S. 47:1580(4)), which provides specifically that when the defendant has concealed certain facts (i.e., the defendant has filed a false or fraudulent return), the prescriptive period is interrupted. Therefore, there is no need, and in fact it would be inappropriate, to apply the doctrine to this situation. To do so would be to ignore the clear legislative statement that the prescription running against the state is interrupted (and starts anew) by filing of the false return. We would instead be declaring prescription does not begin to run until the state has knowledge of the fraudulent behavior. We refuse to ignore the clear language of the statute. The application of the statute leaves the doctrine without any basis for operative effect.
Appellant cites Collector of Revenue v. Pioneer Bank and Trust Co., 250 La. 446, 196 So.2d 270 (1967), rehearing denied 1967, for the proposition that the prescriptive period does not restart immediately after being interrupted by an assessment under La. R.S. 47:1580(1). We find the case easily distinguishable because there the assessment was made before the three year period had run. The court held simply that once the assessment was timely made the taxpayer could not raise the issue of prescription when the state attempted to collect the tax. The time period in question was that from the assessment to the actual collection. In addition, La.R.S. 47:1581 treats assessments as judgments, and once issued timely they prescribe in the same manner as judgments prescribe. Because of these differences, we do not find the case to shed light on the prescription issue at hand.
For these reasons we conclude the taxes, interest and penalties for 1965 have prescribed. We do not find it necessary to rule on the contention of appellees that La.R.S. 47:1580(4) conflicts with the applicable constitutional provision and, to that extent, is not a valid exercise of legislative authority. Constitutionally or with the statutory implementation, the result here is the same.
Concerning the allegation of fraud for the 1967 tax return we note it is the taxpayer’s responsibility to file a correct income tax return but the failure to file a correct return does not necessarily constitute fraud. Davis v. Commissioner, 184 F.2d 86 (10th Cir. 1950). Fraud is never presumed but must be proved by clear and convincing evidence. Summers v. Summers Bros., Inc., 385 So.2d 489 (La.App. 1st Cir. 1980). The “clear and convincing evidence” standard is somewhere between proof beyond a reasonable doubt and proof by a preponderance of the evidence. American Cyanamid Co. v. Electrical Industries, Inc., 630 F.2d 1123 (5th Cir. 1980). The Davis court made the following observation at page 87 concerning the issue of fraud:
*413 “Fraud implies bad faith, intentional wrong doing and a sinister motive. It is never imputed or presumed and the courts should not sustain findings of fraud upon circumstances which at the most create only suspicion.”
After examining the record we conclude the Collector has failed to show by clear and convincing evidence Mr. Poirier has committed fraud. We find instead, circumstances which “at the most create only suspicion.”
The strongest evidence suggesting fraud is the fact that Mr. Poirier omitted substantial gains on both his 1965 and his 1967 tax returns. All other evidence negates the charge of fraud. Such evidence includes the fact that gains from both the 1965 sale and the 1967 sale were reported on the federal income tax returns and the sales of the properties were disclosed on footnotes and schedules attached to the state returns.[4] Mr. Poirier argues had he intended to defraud the state government he would not have taken the risk of having them gain access to the federal returns and discover his omissions and, had he intended to conceal the sales he would have taken care to delete all references to them on the state returns. Testimony at the hearing established Mr. Poirier had prepared his federal returns and then gave the information to his bookkeeper, Mrs. Myrtle Trent, to fill out the state returns. She testified she had not been instructed to omit any items and the errors had occurred because she was overworked at the time. Mr. Edward Blossman, the auditor, stated Mr. Poirier had been totally cooperative and had voluntarily furnished all of his records to the auditors.[5] Mr. Poirier made no attempt whatsoever to conceal any transactions during the audit.
In summary, while we find it highly coincidental that Mr. Poirier “forgot” to report a substantial gain in 1965 and again in 1967, the record does not contain “clear and convincing evidence” that he intended to conceal these transactions from the state government. In absence of such proof we have no choice but to affirm the judgment of the trial court. Costs are to be assessed against appellant in the amount of $234.66 in accordance with La.R.S. 13:5112.
AFFIRMED.

. The Collector had apparently made an error as to the amount of tax due for 1967. At trial the parties stipulated the tax due for 1967 was $3,494.52.

. This amount is not an issue on appeal.

.Appellees suggest the new prescriptive period, at most, ended three years from December 31st of the year the false return was filed which would be December 31, 1970. We do not believe this interpretation has merit but agree with appellees’ observation that even under such an interpretation, the taxes had still prescribed.

. Mr. Poirier did not owe any federal tax for the year 1965 and owed less than $2,000 for the year 1967.

. Mr. Blossman did not assert or suggest a fraud penalty in this case. He testified he was instructed to put a fraud penalty in the assessment.