Jerry ST. JOHN, Petitioner-Appellee,

v.

W. J. ESTELLE, Jr., Director, Respondent-Appellant.

No. 76–1178.

United States Court of Appeals, Fifth Circuit.

Jan. 3, 1977.

---

Marianne Wesson Cantrick, Asst. Atty. Gen., John L. Hill, Atty. Gen., Richel Rivers, Asst. Atty. Gen., Austin, Tex., for respondent-appellant.

Ray J. McQuary, Staff Counsel for Inmates, Darrington Unit, Rosharon, Tex., for petitioner-appellee.

Before COLEMAN, AINSWORTH and INGRAHAM, Circuit Judges.

PER CURIAM:

The district court granted petitioner's writ of habeas corpus, holding that the admission of evidence of prior convictions solely to show general criminal disposition violated due process of law. In light of the Supreme Court's recent decision in *Estelle v. Williams,* 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976), we reverse.

On cross-examination of petitioner's mother, the prosecution elicited evidence that petitioner had only recently returned from a stay in the state penitentiary. Defense counsel objected that such information was hearsay, and his objection was overruled. Four questions later, defense counsel belatedly objected to the admission of this evidence of extraneous offenses. At no time did counsel ask that the evidence be stricken or that a limiting instruction be given. The state court affirmed the conviction because of counsel's failure to make a contemporaneous and specific objection to the penitentiary reference.

Counsel's failure to object at the time such evidence was admitted is precisely the type of "inexcusable procedural default" discussed in *Estelle v. Williams.*

[T]here are two situations in which a conviction should be left standing despite the claimed infringement of a constitutional right. The first situation arises when it can be shown that the substantive right in question was consensually relinquished. The other situation arises *when a defendant has made an "inexcusable procedural default" in failing to object at a time when a substantive right could have been protected.*

96 S.Ct. at 1697 (Powell, J., concurring) (emphasis added). A timely objection could have prevented the introduction of this evidence; a motion to strike or to give a limiting instruction could have cured some of the prejudicial effect. In light of *Estelle v. Williams,* counsel's failure to object to the infringement of a trial-type right bars the client from later raising this substantive right in a collateral proceeding.

Texas' contemporaneous objection rule furthers a valid state interest in that it allows the correction of trial-type errors at the time rather than requiring a new trial when counsel fails to bring errors to the state's attention until it is too late. The grant of habeas relief to this petitioner must be REVERSED.