**UNITED STATES of America**

v.

**John Lee SINCOX.**

**Civ. A. No. 77-0350.**

United States District Court,
W. D. Louisiana,
Monroe Division.

April 21, 1977.

571 F2 874

A. Kennon Goff, III, Goff, Goff & Levy, Ruston, La., for John Lee Sincox.

Dosite H. Perkins, Jr., Asst. U.S. Atty., W. D. La., Shreveport, La., for United States.

## MEMORANDUM RULING

STAGG, District Judge.

John Lee Sincox was tried on two indictments charging him with obstruction of justice in violation of 18 U.S.C. Section 1510. The jury returned a verdict of guilty on each indictment that was accepted by the Court after a poll of the individual jurors. At sentencing before this Court on June 16, 1975, a five-year sentence for each conviction was given the defendant, with the Court ordering the sentences to be served consecutively.

Sincox comes now before the Court attacking the validity of his conviction. He urges that the verdict effectively deprived him of essential rights guaranteed by both the Constitution and the Federal Rules of Criminal Procedure. Examination of the motion revealed that a cause sufficiently was stated to require the government to answer. Accordingly, the government was ordered to file a response to the motion.

The response vigorously attacked petitioner's contentions. Because the motion to vacate raised questions about the circumstances surrounding the acceptance of the jury verdict, and in view of the Fifth Circuit holding that mandates a hearing if the moving papers indicate a plausible claim under Section 2255 (*Cf., Ferrara v. United States*, 547 F.2d 861 [5th Cir. 1977]), the Court set a hearing for April 4, 1977.

After a consideration of the record, the various briefs of the parties, the relevant jurisprudence, and the evidence adduced and arguments presented at the hearing, the Court is ready to render judgment. Accordingly, the following ruling on defendant's motion now is entered into the record.

Mr. Sincox's motion flows out of a dialogue that transpired between juror Lewis and the Court during the polling of the jury. These few words form the foundation of the argument upon which defendant now seeks relief:

"THE COURT: Mr. Lewis, is this your verdict?

"JUROR LEWIS: Yes. With reasonable doubt.

"THE COURT: With reasonable doubt."
(The Court then polled the next juror in line.)

Petitioner argues that the Court committed error when it accepted Lewis' verdict. Lewis' failure to be convinced of Sincox's guilt beyond all reasonable doubt thus is viewed as a fatal defect in the jury verdict that was accepted by the Court. In effect, petitioner argues that the verdict violated not only federal statute, but also the guarantee of the United States Constitution in that petitioner lost his innocence by a verdict of fewer than 12 persons.

The government controverts this position, arguing that Sincox waived any rights that otherwise would have been guaranteed to him under federal law. The government points out that the jury had been instructed on the standard to be used in the assessment of guilt, and that they were told by the Court that any verdict had to be unanimous. The government contends that counsel for defendant fully was aware of

these instructions, and his failure to enter an objection to the verdict, the argument runs, constituted an acceptance of the verdict, thus relinquishing the substantive right to a unanimous verdict. Moreover, the government asserts, the matter herein was not raised on appeal. This failure is viewed as a deliberate "by-pass" of the appellate route, thereby foreclosing any attempt to bring a motion in this cause pursuant to 28 U.S.C. § 2255.

The Court begins with the premise that error was committed when it accepted Lewis' verdict. The words of Juror Lewis can be taken in no other vein than their clear meaning. His verdict was not predicated upon a belief that petitioner was guilty beyond all reasonable doubt. This vote deprived the jury verdict of the unanimity that is required by federal statute. The crucial question for determination, then, is whether the error warrants granting the requested relief.

■ It is a fundamental proposition of law that a 28 U.S.C. § 2255 motion is not a substitute for an appeal. *Brown v. U. S.*, 480 F.2d 1036 (5th Cir. 1973); *Floyd v. U. S.*, 365 F.2d 368 (5th Cir. 1966). Hence, trial errors that could have been raised on appeal cannot form the basis of a collateral attack on the verdict. However, fundamental rights that "[are] implicit in the concept of an ordered liberty" (*Palko v. State of Connecticut*, 302 U.S. 319, 58 S.Ct. 149, 152, 82 L.Ed. 288 [1937]) are not subject to the above postulate. If occurrences at trial shock the conscience, then the failure timely to attack such happenings will not prevent collateral proceedings that question the validity of the trial. Fundamental rights are the very essence of the due process clause; all other rights necessarily must be traced to some other provision of the Constitution, or the statutory law. Thus, the problem narrows: Is jury unanimity a fundamental right secured by the due process clause, or is it a right arising from some other source?

■ The guarantees of jury unanimity are found within the Federal Rules of Criminal Procedure. Being guaranteed by statute, it would seem that this right, therefore, should have been raised in the normal appellate process. Ostensibly, petitioner's motion is a proscribed attempt to substitute a collateral proceeding for an appeal.

■ Petitioner attempts to avoid this finding with the argument that the right to jury unanimity is an essential ingredient of due process, and therefore can be raised at any time—either on appeal or collaterally. Sincox contends that guilt cannot be said to have been proved beyond a reasonable doubt when one of the jury members at the conclusion of deliberation still possessed such a doubt.

It is true that the reasonable doubt standard is a cornerstone of our system of justice, thereby being guaranteed to the citizenry of our country by the due process clause. However, jury unanimity is not required to insure that the standard is applied at a criminal trial. *Johnson v. Louisiana*, 406 U.S. 356, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972). Indeed, the Court in *Johnson* held that jury unanimity is not a requisite of due process of law. *Id.*, 406 U.S. at 359, 92 S.Ct. at 1623.

Moreover, apart from due process considerations, the requirement of unanimity can be found nowhere within the Constitution. The Sixth Amendment guarantee of a jury trial simply does not require a guarantee of a unanimous jury vote. *Apodaca v. Oregon*, 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972).[1] The requirement of unanimity does not materially contribute to the exercise of the commonsense judgment that lies at the heart of the Sixth Amendment. *Williams v. Florida*, 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970); *Apodaca, supra*, 406 U.S. at pp. 410–411, 92 S.Ct. at p. 1633.

Petitioner's argument fails in light of these holdings. Indeed, one of the main

---

1. Though *Johnson* and *Apodaca* dealt with state criminal procedures, the Supreme Court's rationale in those cases is applicable to this proceeding. The Court's rationale illustrated that unanimity is mandated in the federal system by statute, not by the Constitution.

authorities cited in support of petitioner's position, *Hibdon v. U.S.*, 204 F.2d 834 (6th Cir. 1953) implicitly was overruled by the rationale expressed in *Williams, Johnson* and *Apodaca.* Jury unanimity, purely and simply, is a right flowing from federal statute. The guarantee is not found within the Constitution. Use of the appellate route, therefore, was essential in order to preserve this statutory right. Sincox is not entitled to a second review of a question which he was required to raise on a seasonable appeal.

Even if the Court assumes, *arguendo,* that this right is of constitutional stature, it still cannot accept petitioner's contentions. Blind and strict enforcement of constitutional rights is not necessarily required in order to insure the fundamental fairness of a trial. Due process is violated only when a defendant is forced to suffer deprivation of his rights, despite his objections to the proceedings to which he is subjected. Recent jurisprudence teaches that a conviction should be left standing despite a claimed infringement of a constitutional right when the defendant has made an "inexcusable procedural default" in failing to object at a time when the substantive right could have been protected. *Estelle v. Williams,* 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976); *St. John v. Estelle, Jr.,* 544 F.2d 894 (5th Cir. 1977), rehearing granted, *en banc,* June 7, 1977.

In the instant case, no creditable evidence has been adduced showing that petitioner was forced to accept the verdict. Nor has any valid reason been advanced which adequately explains the failure of counsel to object to the Court's acceptance of Juror Lewis' response. The failure to make an objection to this Court as to being convicted partially on the strength of the Lewis vote was sufficient to negate the presence of any compulsion that would be necessary to establish a violation of the fundamental principles of liberty and justice which lie at the base of all our civil and political institutions. Accordingly, the untimely presentation of the constitutional claims bars any relief pursuant to Section 2255.

Finally, the Court feels that the writings of the Fifth Circuit in a recent case aptly will summarize the matter before the Court:

"To consider [petitioner's] unconstitutional claim at this late stage would tend to encourage piecemeal litigation of claims of error in the appellate courts and undercut the policy of achieving prompt and final judgments." *United States v. Scallion,* 548 F.2d 1168, 1174 (5th Cir. 1977).

Defendant's counsel had an obligation to question Juror Lewis' response, thereby giving the Court an opportunity to remedy the situation. Such action was not taken. Moreover, the matter was not presented to an appellate tribunal for consideration. Rather, the issue was raised 18 months after trial had concluded. To allow the petitioner to maintain his claims simply would violate the fundamental concept that a Section 2255 motion is not a substitute for appeal.

For the aforementioned reasons, petitioner's request for Section 2255 relief is DENIED. It hereby is ORDERED that John Lee Sincox immediately be returned to the United States Penitentiary at Terre Haute, Indiana.