363 So.2d 940 (1978)
Evans JOHNSON, Sr. et ux.
v.
Jerry B. DAYE.
No. 6573.
Court of Appeal of Louisiana, Third Circuit.
October 13, 1978.
Johnson & Ritzie by Ernest L. Johnson, Baton Rouge, for plaintiffs-appellants.
Dale, Richardson & Dale, Vidalia by Jerry B. Daye, Ferriday, for appellee.
*941 Before WATSON, GUIDRY and FORET, JJ.
WATSON, Judge.
This is an appeal of a judgment sustaining an exception of prescription in a malpractice claim against an attorney. Plaintiffs are Evans Johnson, Sr. and Florence Johnson and the defendant is Jerry B. Daye, an attorney at law.
The petition alleges that Daye was employed as counsel in a lawsuit, docket no. 17,106, 7th Judicial District, Parish of Concordia. Pleadings in the case were delivered to Daye and the latter undertook representation. However, the petition further alleges, a default judgment was confirmed on January 22, 1974 and, as a consequence, certain property of the Johnsons was seized and sold on July 21, 1976, to satisfy the judgment. To plaintiffs' petition Daye filed an answer generally denying the allegations and also filed an exception urging the prescription of one year.
Certain other motions and legal actions were filed by the Johnsons but they have no bearing on the present appeal.
The matter was fixed for trial and the exceptions were referred to the merits. The case was then tried, although there is no transcript of testimony in the record.[1]
After receiving memoranda from counsel, the trial court concluded that the exception of prescription was well taken and should be sustained. This appeal followed.
While there is a dispute between the parties as to the time prescription began running, there being no transcript of testimony, we must presume that the trial court had a reasonable evidentiary basis for the factual conclusion that the one year period had run. Vaughan v. Fair, 337 So.2d 675 (La.App. 3 Cir. 1976).
However, a malpractice action against an attorney may state a claim both ex delicto and ex contractu. Jackson v. Zito, 314 So.2d 401 (La.App. 1 Cir. 1975); writs refused, 320 So.2d 551, 553. Compare Henson v. St. Paul Fire & Marine Ins. Co., 354 So.2d 612 (La.App. 1 Cir. 1978); writ granted, 356 So.2d 1006. This is true even though the petition be couched in language asserting a claim based on the negligence of the attorney. Under the pleadings filed in the present case, a claim is stated under both actions. The damage claim is prescribed in 10 years under LSA-C.C. art. 3544. Therefore the trial court was correct in holding that any ex delicto claim plaintiffs might have has prescribed but the action ex contractu should have been maintained and considered.
We express no opinion on the merits of the litigation.
The judgment of the trial court dismissing plaintiffs' suit is reversed and the case is remanded for further proceedings not inconsistent with this opinion.
Costs are taxed against Jerry B. Daye, appellee.
Reversed and remanded.
NOTES
[1] In Concordia Parish it is necessary for a litigant to request that a court reporter record the testimony and that a $25.00 appearance fee be paid. We know of no authority for this requirement. In this day and time, all court testimony should be recorded and the trial court and police jury of the individual parishes should make necessary arrangements. See Baker v. Landry, 286 So.2d 492 (La.App. 1 Cir. 1974).