393 So.2d 132 (1980)
Ethel Lola AMBROSE, Plaintiff-Appellant,
v.
William C. ROBERTS, Defendant-Appellee.
No. 7746.
Court of Appeal of Louisiana, Third Circuit.
July 22, 1980.
*133 Michael R. Connelly, Baton Rouge, for plaintiff-appellant.
Crowell, Owens & Tudor, Richard B. Crowell, Alexandria, for defendant-appellee.
Before FORET, STOKER and LABORDE, JJ.
LABORDE, Judge.
This appeal arises out of a professional malpractice suit filed against defendant on June 21, 1978. Plaintiff alleged that defendant had failed to timely file a suit on her behalf for damages arising out of her wrongful commitment to a mental institution in January, 1973.
Defendant filed a peremptory exception of liberative prescription on December 4, 1979. The trial judge sustained the exception and dismissed plaintiff's suit. Plaintiff has perfected this appeal.
Plaintiff's only assignment of error is that "the trial court erred manifestly in sustaining defendant's peremptory exception of prescription since plaintiff had alleged breach of contract in her original petition and the prescription period for suit for breach of contract is ten years."
Paragraphs 10-13 of plaintiff's petition provide:

10.
In the last week of February, 1973, shortly after her release, petitioner contacted defendant William C. Roberts, a practicing attorney in Alexandria. Petitioner hired defendant to represent her and try to clear her name. In addition, petitioner requested that defendant file a damage suit on her behalf against Central Louisiana State Hospital, her ex-husband and the Rapides Parish Sheriff's Office.

11.
Defendant agreed to represent her and petitioner met with him on numerous occasions, paying him several consultation fees and signing a release to allow him to obtain her records from Central Louisiana State Hospital, relying upon defendant to represent her and take action in her behalf in the matter, which he failed to do, in violation of his contractual obligation and professional responsibility unto petitioner.

12.
Defendant negligently, and irresponsibly failed to file suit on petitioner's behalf within one year, allowing petitioner's original claim to prescribe without action. Defendant further failed to inform petitioner of the one year prescriptive period and further refused to allow petitioner to see her own medical records, claiming he could not get them from the hospital.

13.
As a direct and proximate result of defendant's negligence and professionsl (sic), irresponsibility in failing to timely file petitioner's suit, petitioner was unable to obtain damages due to her in the following amounts:

Loss of past and future income $ 50,000.00
Pain, suffering, extreme mental
anguish and gross inconvenience 250,000.00
Damage to reputation and embarrassment 200,000.00
 ___________
 TOTAL $500,000.00

for all of which defendant is liable unto petitioner for his negligence and for failute (sic) to fullfill his contractual obligations and professional responsibilities.
We have previously held that a malpractice action against an attorney may *134 state a claim both ex delicto and ex contractu. In the case of Johnson v. Daye, 363 So.2d 940 (La.App. 3rd Cir. 1978), we held:
However, a malpractice action against an attorney may state a claim both ex delicto and ex contractu. Jackson v. Zito, 314 So.2d 401 (La.App. 1 Cir. 1975); writs refused, 320 So.2d 551, 553. Compare Henson v. St. Paul Fire & Marine Ins. Co., 354 So.2d 612 (La.App. 1 Cir. 1978); writ granted, 356 So.2d 1006. This is true even though the petition be couched in language asserting a claim based on the negligence of the attorney. Under the pleadings filed in the present case, a claim is stated under both actions. The damage claim is prescribed in 10 years under LSA-C.C. art. 3544. Therefore the trial court was correct in holding that any ex delicto claim plaintiffs might have has prescribed but the action ex contractu should have been maintained and considered.
In the instant case, plaintiff properly stated a claim under both actions. The action in tort has clearly prescribed. However, the action in contract has not prescribed under LSA-C.C. Art. 3544.
The trial judge correctly disposed of any ex delicto claim plaintiff might have, but the action ex contractu should have been maintained and considered.
We express no opinion on the merits of the litigation.
For the foregoing reasons, the judgment of the trial court dismissing plaintiff's suit is reversed and the case is remanded for further proceedings not inconsistent with this opinion.
Costs are taxed against defendant-appellee.
REVERSED AND REMANDED
STOKER, J., concurs and assigns reasons therefor.
STOKER, Judge, concurring.
I fully concur in the majority opinion. Defendant-appellee argues vigorously that our reliance on Johnson v. Daye, 363 So.2d 940 (La.App. 3rd Cir., 1978) is misplaced. Therein we relied on Jackson v. Zito, 314 So.2d 401 (La.App. 1st Cir., 1975), writs denied on the ground that the judgment was not final because the case had been remanded. 320 So.2d 551 and 553 (La.1975). Defendant-appellee persuasively argues that Jackson v. Zito, supra, is not good law because two justices voted to grant the writ, and one of them, Justice Summers, stated, "in my view, the judgment of the Court of Appeal to the effect that the prescription of ten years is applicable to this malpractice suit is erroneous."
In addition to this expression of then Justice Summers, defendant-appellee takes the position of the Fourth Circuit case of Corceller v. Brooks, 347 So.2d 274 (La.App. 4th Cir., 1977) writ denied 350 So.2d 1223 (La.1977) and urges that this case expresses the prevailing law.[1] It is urged that this case stands for the proposition, approved by the Louisiana Supreme Court, that a legal malpractice action may be pursued as a tort action only and not as a contract action. Therefore, it is urged that the prescription of ten years applicable to breach of contract does not apply to legal malpractice actions.
While defendant-appellee's argument is persuasive, I cannot agree with it. The Louisiana Supreme Court has not flat-footedly ruled on this question, and our decision in Johnson v. Daye, supra is the latest expression in the matter by an appellate court, so far as we can determine. I cannot agree that the Louisiana Supreme Court has confirmed the Corceller case. In denying the application for writs in that case the Supreme Court stated: "Writ denied: The result is correct." A writ denial does not *135 necessarily imply approval of the judgment of the Court of Appeal. White v. Louisiana Western Ry. Co., 174 La. 308, 140 So. 486 (La.1932). See also, Lombardo v. Argonaut Insurance Company, 354 So.2d 731 (La.App. 4th Cir., 1978), writ denied 355 So.2d 1325 (La.1978).
For the foregoing reasons I concur in the decision of the majority to adhere to Johnson v. Daye, supra.
NOTES
[1] The case of Ramp v. St. Paul Fire and Marine Insurance Company, 263 La. 774, 269 So.2d 239 (La. 1972) cited in support of Corceller v. Brooks, supra, does not deal with the issue of whether a legal malpractice action may be subject to the prescription of ten years as a contract action. The quotation from Ramp in Corceller merely states that breach of a duty owed by attorney under a contract for legal representation may consist of negligent conduct by an attorney toward his client.