John Lee SINCOX

v.

Murphy BLACKWELL, Jr., et al.

Civ. A. No. 79–0500.

United States District Court,
W. D. Louisiana,
Monroe Division.

Aug. 31, 1981.

John C. Holleman, New Iberia, La., Nicholas Gachassin, Jr., Lafayette, La., for plaintiff.

Larry Arbour, West Monroe, La., Joseph D. Cascio, Jr., Monroe, La., for defendant.

## RULING

NAUMAN S. SCOTT, District Judge.

Defendants, attorney Murphy Blackwell, Jr., the law firm of Jones, Blackwell, Chambliss, Hobbs and Henry, and Employers Reinsurance Corporation have filed a Motion for Summary Judgment pursuant to F.R.C.P. 56, to dismiss plaintiff's suit alleging professional malpractice and breach of contract by Mr. Blackwell. Defendants formerly raised some of the arguments asserted herein in the form of a Motion to Dismiss which we denied. The present motion, however, affords us an opportunity to reconsider these issues beyond the pleadings.

In January of 1975, plaintiff retained Mr. Blackwell to represent him in criminal proceedings entitled *United States of America v. John Lee Sincox*, Nos. 75–13 and 75–203, Western District of Louisiana, Shreveport Division. At trial, the jury returned a verdict of guilty on each of two indictments charging plaintiff with obstruction ofjustice, a violation of 18 U.S.C. § 1510. Prior to acceptance of that verdict, the Court polled each juror. All 12 jurors affirmed the guilty verdict, but Juror Lewis affirmed it in a clearly qualified manner:

"THE COURT: Mr. Lewis, is this your verdict?

JUROR LEWIS: Yes. With reasonable doubt."

*United States v. Sincox*, 430 F.Supp. 1151, 1152 (W.D.La.1977). Mr. Sincox was subsequently sentenced to 5 years imprisonment for each conviction to be served consecutively.

Defendant Blackwell failed to object to the verdict at that time and did not appeal the conviction. Plaintiff's complaint flows from these acts of omission.

On January 25, 1977, Mr. Sincox, acting through his then retained counsel, A. Kennon Goff, III, filed a Motion to Vacate the Sentence and Judgment of Conviction as provided by 28 U.S.C. § 2255, based upon these allegedly erroneous omissions. This motion was denied on April 21, 1977 by the district court in an opinion reported in *United States v. Sincox, supra.* On appeal, however, the Fifth Circuit found that "prejudicial infringement of fundamental constitutional right was alleged and proved" by Mr. Sincox, reversed the district court ruling and remanded the case for the purpose of granting the motion. *Sincox v. United States*, 571 F.2d 876, 880 (5th Cir. 1979). That opinion was rendered April 20, 1978. Mr. Sincox filed the present action on April 9, 1979, claiming that defendant Blackwell's "conduct in handling (the criminal) matter constituted a breach of contract and also constituted professional negligence."

The thrust of defendants' motion is twofold. A strict view of prescription is not asserted because the alleged tort (defendant

Blackwell's omissions) would obviously escape a layman's perception. However, defendants do assert initially that Mr. Sincox, alone or with the help of subsequently retained counsel, was aware of and able to pursue a cause of action arising from those omissions no later than April 21, 1977, the date the ruling in *United States v. Sincox, supra,* was rendered by the district court. Defendants conclude that plaintiff's tort claim, filed April 9, 1979, is barred by the applicable one year prescriptive period. La. C.C. art. 3536.

Secondarily, defendants argue that in fact plaintiff's cause of action alleging a breach of contract has no existence independent of the alleged professional negligence. Thus in view of the prescribed tort action, plaintiff's entire suit must be dismissed. The Louisiana Supreme Court has not squarely addressed either issue. *See Ambrose v. Roberts,* 393 So.2d 132, 135 (La. App.1980) (Stoker, J. concurring opinion), *writ denied,* 394 So.2d 1234 (La.1980). Nor has any circuit court within this state dealt with facts as unusual as those presented herein. We endeavor, then, to review the most pertinent jurisprudence to resolve these questions.

■ It is clear that by the time the district court rendered its ruling on plaintiff's § 2255 motion, Mr. Sincox had actual notice that a suit for damages was available as a result of defendant Blackwell's omissions at the criminal trial. Persuaded by several factors in arriving at this conclusion, we quote first from the district court opinion:

"Recent jurisprudence teaches that a conviction should be left standing despite a claimed infringement of a constitutional right when the defendant has made an 'inexcusable procedural default' in failing to object at a time when the substantive right could have been protected.... In the instant case no creditable evidence has been adduced showing that petitioner was forced to accept the verdict. Nor has any valid reason been advanced which adequately explains the failure of counsel to object to the court's acceptance of Juror Lewis' response.... Defendant's

counsel had an obligation to question Juror Lewis' response, thereby giving the court an opportunity to remedy the situation. Such action was not taken. Moreover, the matter was not presented to an appellate tribunal for consideration."

*United States v. Sincox, supra,* at 1154.

Testimony adduced from defendant Blackwell at plaintiff's § 2255 hearing on April 4, 1977 also served to reveal the existence of a tort arising out of his omissions:

"Q: And did you make any objection to the verdict being entered?

A: Through ignorance I didn't."

Tr. at p. 46

"A: I was dumbfounded, I was confused, I don't know what it was. But I did not raise the objection at the time the juror answered that question.

Q: Looking back on it, would you characterize that as inexcussable (sic) neglect at this time?

A: I would have to."

Tr. at 47–48.

"Q: Well, but you made the final decision as to what to do because you were the counsel in the case and it was your responsibility to make that decision, and you accept that responsibility. Is that what I am understanding from you?

A: That is exactly right. I made the error if there was an error made, not Mr. Sincox.

Q: Or anyone else.

A: It is my error."

Tr. at 49. Overall, Mr. Sincox's efforts, with the aide of attorney Goff, to attack his conviction by focusing on defendant Blackwell's omissions also indicate an awareness of the alleged tortious conduct.

Plaintiff maintains that he remained unaware of or unable to pursue the tort claim until the Fifth Circuit reversed the district court, granted his § 2255 motion and effectuated his release from jail. It is true that the language in *Sincox v. United States, supra,* boldly underscores the omissions and

characterizes them as negligence but this only served to reaffirm what the plaintiff *knew* before the district court. Both courts acknowledged the error. Only the Fifth Circuit viewed them as constitutional error, which is irrelevant to the issue of notice to plaintiff of his tort claim.

The Fifth Circuit's actions, however, prove somewhat more probative in light of the doctrine of contra non valentem nulla currit prescripto, (prescription does not run against a person who could not bring his suit). *Nathan v. Carter*, 372 So.2d 560 (La. 1979); *Cartwright v. Chrysler Corp.*, 255 La. 598, 232 So.2d 285 (1970); *Hyman v. Hibernia Bank & Trust Co.*, 139 La. 411, 71 So. 598 (1916).

■ The concept of contra non valentem is one of equity. It does not, however, pertain simply because the plaintiff was ignorant of his rights. *Martin v. Mud Supply Co.*, 239 La. 616, 119 So.2d 484 (1959), *rehearing denied* (La.1960); *Jackson v. Zito*, 314 So.2d 401 (La.App.1975), *writ refused*, 320 So.2d 551 (La.1975). Nor does it protect the plaintiff whose cause has prescribed due to his own neglect. *Henson v. St. Paul Fire & Marine Ins. Co.*, 363 So.2d 711 (La.1978), *rehearing denied* (La.1978).

■ Contra non valentem cannot apply merely where as a practical matter, filing suit is difficult or the prospects of success on the merits are slight due to a given plaintiff's situation. However, where the tort-feasor's actions serve to confine or mislead the injured party, no prescription may then run. *See Jackson v. Zito, supra; Prather v. Massey-Ferguson, Inc., et al.,* 232 So.2d 80 (La.App.1970), *writ denied*, 255 La. 1101, 234 So.2d 195 (1970); *Hyman v. Hibernia Bank & Trust Co., supra.* In the case at bar, defendant's actions may be

construed as having misled the plaintiff and causing plaintiff's confinement for a period of three years. In that sense, the requirements of the doctrine have been met, but if so, then only up to defendant Blackwell's admissions or certainly at a point no later than the district court's § 2255 ruling.*

In *Humble v. Foreman*, 563 F.2d 780 (5th Cir. 1977), *rehearing denied*, 566 F.2d 106, plaintiff, incarcerated after pleading guilty to two counts of murder, brought a § 1983 action against the attorney he retained in the murder case. In a per curiam opinion, the court affirmed then District Judge Rubin's ruling which recognized the claim as one of legal malpractice, barred by La.C.C. art. 3536. Addressing the facts of that plaintiff's imprisonment, the Court stated:

> "The fact that Louisiana does not provide for tolling of the statute of limitations for such a claim during a party's incarceration is irrelevant. *Kissinger v. Foti*, 544 F.2d 1257, 1258 (5th Cir. 1977); *Knowles v. Carson*, 419 F.2d 369, 370 (5th Cir. 1969)."

*Humble v. Foreman, supra,* at 781.

Thus the relationship between the legal malpractice claim and plaintiff's incarceration is of no moment here, especially in light of defendant Blackwell's admissions at the § 2255 hearing.

■ In the absence of a tort claim arising from alleged acts of professional malpractice, does an independent cause of action for breach of contract exist? Plaintiff's pleadings certainly assert such a claim. Louisiana jurisprudence recognizes that legal malpractice may spawn causes of action sounding in both tort and contract. *Bill Nolan Livestock, Inc. v. Simpson*, 402 So.2d 214 (La.App.1981); *Ambrose v. Roberts, supra; Johnson v. Daye*, 363 So.2d 940

---

* The alleged negligence occurred at plaintiff's criminal trial and possibly could begin to run from date of verdict or, at the very latest, the lapse of the date for appeal if Sincox in fact was aware that he had a cause of action at that time. However, we are unable to say from the record that Sincox had knowledge as of either of these dates. We may infer from the record that he and his attorney had knowledge as early as from the date the § 2255 motion was filed. Instead we have given plaintiff the benefit of the doubt in relying on the district court's ruling date. We note, too, the fact that Blackwell's admission was made during testimony in the § 2255 hearing is incidental. His cause of action occurred independent of the § 2255 motion or the Fifth Circuit's finding of constitutional error on appeal and could not be affected by those factors.

(La.App.1978); *Jackson v. Zito, supra; Vessel v. St. Paul Fire & Marine Ins. Co.*, 276 So.2d 874 (La.App.1973); *Marchand v. Miazza*, 151 So.2d 372 (La.App.1963). The pleadings are not necessarily determinative of this issue. *See Jackson v. Zito, supra.* Nor is a plaintiff's urging of a contract claim to supplement a generally pleaded cause of action for legal malpractice controlling. *Corceller v. Brooks*, 347 So.2d 274 (La.App.1977), *writ denied*, 350 So.2d 1223 (La.1977).

Unfortunately, in view of the various fact situations and holdings of the above cited cases, the concept that a legal malpractice suit may sound in both contract and tort only serves as a predicate upon which we must decide the issue on the facts before us. The cases plaintiff relies on involve specific, result-oriented attorney/client contracts or those containing special warranties (*Marchand*) or situations where the attorney has simply failed to perform (*Ambrose, Johnson and Jackson*), which goes to the essence and existence of the contract.

 In the present case defendant Blackwell was duty bound "to exercise at least that degree of care, skill, and diligence which is exercised by prudent practicing attorneys in his locality". *Ramp v. St. Paul Fire & Marine Ins. Co., supra*, at 244; *Corceller v. Brooks, supra.* Defendant Blackwell did not promise a particular result and it cannot be said that a "special warranty" then arose. Furthermore, we do not find that an implied warranty exists such that a cause of action for breach of contract can be maintained. Defendant Blackwell endeavored to perform those legal services for which he was retained by plaintiff. Neither the existence of the contract nor Blackwell's performance is in issue. The Louisiana courts have appreciated the import of such factors.

"... (A)n injured plaintiff may sue a professional in tort or in contract from a breach of implied warranty to perform his services in conformity with community standards. Nevertheless, in such cases, this breach of warranty is, in effect, the negligence of a professional—

that act or omission which is below the standards of similar practitioners in the community.

"Warranty or guaranty by an attorney of a particular result of a litigious claim is foreign to the nature of the legal profession.... (B)ecause the dispute between Corceller and Bonanza involve litigious rights, the attorney for Corceller could not have warranted or guaranteed a result favorable to plaintiff."

*Corceller v. Brooks, supra*, at 277–78 (footnote omitted).

In *Vessel v. St. Paul Fire & Marine Ins. Co., supra*, it was said:

"... (T)here can be a serious dispute between an individual and an attorney relating solely to the issue of whether or not there is a contract creating a client-attorney relationship. Damages growing out of a breach of any obligation thereunder would be treated as any other case involving a breach of contract. *However, when there is no dispute as to the client-attorney relationship and the issue is solely one of whether the conduct of the attorney thereunder constituted malpractice, i. e., failed to meet the standard of professional expertise as required under the circumstances, it is an action contemplated by C.C.Art. 2315 ...*"

*Vessel v. St. Paul Fire & Marine Ins. Co., supra*, at 877. This is the very situation we see in the instant case.

Based upon the foregoing we find that plaintiff's cause of action sounding in tort has been prescribed and that there is no viable breach of contract claim arising from his allegations of legal malpractice.