405 So.2d 1146 (1981)
John Richard CUMMINGS and Catherine Radigan Cummings
v.
SKEAHAN CORPORATION, J. Peyton Parker, Jr., and XYZ Insurance Company.
No. 14288.
Court of Appeal of Louisiana, First Circuit.
October 12, 1981.
Dennis John Hauge, Baton Rouge, for John Richard Cummings et al.
Robert Morrison, Denham Springs, for Skeahan Corp.
J. Peyton Parker, pro se.
Before CHIASSON, EDWARDS and LEAR, JJ.
CHIASSON, Judge.
Plaintiffs-appellants appeal the judgment of the trial court sustaining defendant J. Peyton Parker, Jr.'s exception of prescription and dismissing their suit against him.
No testimony was taken on the hearing of the exception. Defendant-appellee Parker contends a stipulation was entered into at the hearing but no stipulation is contained in the record before us.
Appellants' petition against Parker alleges they purchased property in reliance upon a title opinion issued and rendered by Parker, an attorney with whom they contracted for said title opinion. Appellants further aver the title opinion warranted valid and merchantable title in plaintiff except for the mortgage they had granted on the property when, in fact, the property they purchased was also encumbered by a mineral lease. Plaintiffs finally aver that defendant Parker breached his contractual duty arising from the attorney-client relationship. Plaintiffs attached to their petition the Certificate of Title and the statement therefor rendered by defendant Parker.
Defendant Parker filed an exception of prescription of one year based on his allegation that plaintiffs had knowledge of the existence of the mineral lease for more than one year before suit was filed by plaintiffs.
In seeking an affirmance of the trial court's judgment, Parker argues that a malpractice action against an attorney prescribes one year from the date the professional work is performed or one year from the date plaintiff becomes aware of the action complained of and cites two cases supporting this argument, Phelps v. Donaldson, 243 La. 1118, 150 So.2d 35 (1963) and Steel v. Aetna Life & Casualty, 304 So.2d 861 (La.App. 3rd Cir. 1974). Both of these cases are medical malpractice actions, the holding of both being that once the time limitation for a delictual action has passed, the plaintiff cannot maintain a contractual action against a physician unless that physician has warranted a particular result. In the recent medical malpractice case of Sciacca v. Polizzi, 403 So.2d 728 (1981), the Supreme Court followed the Phelps v. Donaldson standard, supra, and held that "(W)hen a patient is injured by the negligence of his *1147 physician, his action against that physician is one in tort, unless the physician has contracted with the patient for a specific cure or result. The action is essentially one for injuries caused by negligence, and the statute of limitations governing negligence actions is the applicable statute regardless of the form of action by which liability is sought to be enforced. 61 Am.Jur.2d, Physicians, Surgeons, etc., § 316. See also Prosser, Law of Torts, Chapter 16, `Tort and Contract', p. 613." Even if these medical malpractice cases could be analogized to legal malpractice, which we do not so hold, the pleadings in the case before us would place it within the exception to the general rule. In Corceller v. Brooks, 347 So.2d 274 (La.App. 4th Cir. 1977), the court stated: "Warranty or guarantee by an attorney of a particular result of a litigious claim is foreign to the nature of the legal profession." However, the attorney in our case was not hired to represent plaintiffs in a litigious claim but rather only to render a title opinion, the correctness of which can be warranted or guaranteed.
The Corceller case, supra, can be interpreted as holding that a legal malpractice action is sustainable in tort only because of the following language contained therein:
"* * * Though it is true that a contractual agreement between Corceller and Brooks established the attorney-client relationship, this contract of employment merely gave rise to the attorney's legal duty `to exercise at least that degree of care, skill, and diligence which is exercised by prudent practicing attorneys in his locality'. Ramp v. St. Paul Fire and Marine Insurance Company, 263 La. 774, 269 So.2d 239, 244 (1972). * * *"
While there may be merit to this argument, it is in conflict with prior holdings of this court.
We have already held that a malpractice action against an attorney partakes of elements both ex contractu and ex delicto. Jackson v. Zito, 314 So.2d 401 (La.App. 1st Cir. 1975), writ denied 320 So.2d 551, 553 (La.1975) and Vessel v. St. Paul Fire & Marine Insurance Co., 276 So.2d 874 (La. App. 1st Cir. 1973). See also Ambrose v. Roberts, 393 So.2d 132 (La.App. 3rd Cir. 1980), writ denied 394 So.2d 1234 (La.1980) and Johnson v. Daye, 363 So.2d 940 (La. App. 3rd Cir. 1978). The plaintiff can file suit either as an action ex delicto or as an action ex contractu. Under the pleadings filed in the present case, the claim is specifically alleged for damages on the basis of a breach of contract only. The damage claim is therefore prescribed in ten (10) years under La.C.C. art. 3544.
The trial court erred in sustaining the one year prescriptive plea in a case based upon a contract. On the ten year prescription period, as before stated, defendant Parker offered no evidence at the hearing on the exception to substantiate such a plea.
For these reasons, we reverse and remand the case to the trial court for further proceedings in accordance with law. Costs of this appeal are to be borne by defendant, J. Peyton Parker, Jr. All other costs are to await a final determination on the merits.
REVERSED AND REMANDED.
EDWARDS, J., concurs and assigns reasons.
EDWARDS, Judge, concurring.
This court's decision in Jackson v. Zito, 314 So.2d 401 (La.App. 1st Cir. 1975), has been cited for the proposition that a legal malpractice action against an attorney may be maintained in contract as well as in tort. See Ambrose v. Roberts, 393 So.2d 132 (La. App. 3rd Cir. 1980); and Johnson v. Daye, 363 So.2d 940 (La.App. 3rd Cir. 1978).
In an earlier decision, Vessel v. St. Paul Fire & Marine Ins. Co., 276 So.2d 874 (La. App. 1st Cir. 1973), this court had occasion to consider the nature of a malpractice claim against an attorney. In Vessel, we stated:
"... we note that there can be a serious dispute between an individual and an attorney relating solely to the issue of whether or not there is a contract creating a client-attorney relationship. Damages growing out of a breach of any obligation thereunder would be treated as *1148 any other case involving a breach of contract. However, when there is no dispute as to the client-attorney relationship and the issue is solely one of whether the conduct of the attorney thereunder constituted malpractice, i. e., failed to meet the standard of professional expertise as required under the circumstances, it is an action contemplated by C.C. Article 2315...."
Our decision in Vessel indicates that a common, ordinary attorney malpractice action is based on tort rather than contract. Jackson v. Zito, supra, did not discuss or even mention the holding in Vessel.
If the present case presented solely a claim of substandard performance by an attorney, which Vessel held is based in tort, I submit that this court would be compelled to resolve the apparent contradiction between Jackson and Vessel. This court need not resolve that issue now, however, because the plaintiff's cause of action in this case is clearly grounded in contract under the standard of either case.
Defendant, Parker, urges that this court apply the Supreme Court's recent decision in Sciacca v. Polizzi, 403 So.2d 728 (1981), involving medical malpractice, to this case. Parker contends that the application of Sciacca would result in application of the one year tort prescriptive period to plaintiffs' claim. However, Sciacca recognizes that the ten year prescriptive period applicable to contracts will apply in some malpractice casesthose where the defendant has contracted for a specific cure or result.
If the Sciacca rule were applied to legal malpractice,[1] presumably the same exception would exist in that area as well. The pleadings in this case place it within that exception. Defendant Parker certified to plaintiffs that, with certain enumerated exceptions, the property they were buying was free from any encumbrances. Plaintiffs have alleged that there is an encumbrance upon the property in addition to those listed by Parker in the certificate of title. Defendant's issuance of a certificate of title is analogous to a physician's warranty of a specific cure or result.
Even if this court were to overrule Jackson v. Zito, supra, and apply the rule of Sciacca to legal malpractice claims, this case would nevertheless fall within the exception contained in Sciacca. For this reason, we are not required to determine the effect which Sciacca v. Polizzi, supra, and our own earlier decision in Vessel v. St. Paul Fire & Marine Ins. Co., supra, will have upon the continued vitality of Jackson v. Zito.
NOTES
[1] Application of the Sciacca rule to legal malpractice claims would be consistent with the idea expressed in Vessel v. St. Paul Fire & Marine Ins. Co., supra, that claims for attorney malpractice ordinarily have their basis in tort except in unusual circumstances.