**John Lee SINCOX, Plaintiff-Appellant,**

v.

**Murphy BLACKWELL, Jr., et al., Defendants-Appellees.**

No. 81–3545
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

March 24, 1982.

Certification Withdrawn, June 16, 1982.
See 678 F.2d 585.

John C. Holleman, New Iberia, La., for plaintiff-appellant.

Blackwell, Chambliss, Hobbs & Henry, West Monroe, La., George Lawrence Arbour, Hayes, Harkey, Smith & Cascio, Joseph D. Cascio, Jr., Monroe, La., for defendants-appellees.

Before BROWN, POLITZ and WILLIAMS, Circuit Judges.

POLITZ, Circuit Judge:

This diversity jurisdiction case presents a significant question of Louisiana law, of particular import to the practice of law in that state, for which we find no controlling precedent in the decisions of the Supreme Court of Louisiana. We therefore defer decision in order to certify the question to the Supreme Court of Louisiana, pursuant to its Rule XII.

We briefly summarize the uncontroverted facts. In 1975, John Lee Sincox retained attorney Murphy Blackwell, Jr., of the West Monroe, Louisiana law firm of Jones, Blackwell, Chambliss, Hobbs, and Henry, to represent him in pending federal criminal proceedings. Sincox was tried and was found guilty of two counts of obstruction of justice. When the court polled the jury, all 12 jurors noted assent to the verdict, but one juror stated that he had reasonable doubt of Sincox's guilt. Blackwell did not object to the verdict or the sentence, and he did not appeal the conviction.

Represented by other counsel, Sincox filed a Motion to Vacate the Sentence and Judgment of Conviction pursuant to 28 U.S.C. § 2255. On April 21, 1977, in denying this motion, the district court found that Blackwell's failure to object to the verdict was inexcusable. *United States v. Sincox*, 430 F.Supp. 1151 (W.D.La.1977). We reversed the trial court's denial of the motion, stating that "a prejudicial infringement of fundamental constitutional right was alleged and proved." *Sincox v. United States*, 571 F.2d 876, 880 (5th Cir. 1978).

On April 9, 1979, Sincox filed the instant professional malpractice action against Blackwell, his law firm, and their professional liability insurer, alleging that Blackwell's conduct in handling the criminal case constituted professional negligence and a breach of contract. Invoking the provisions of Rule 56 of the Federal Rules of Civil Procedure, the defendants moved for sum-

mary judgment, contending that Sincox's claim was barred by the one-year period of limitations governing tort actions in Louisiana. La.Civ.Code art. 3536. In that regard, the defendants asserted that from at least April 21, 1977, the date the district court rejected the section 2255 motion, Sincox was aware of Blackwell's malpractice.

In addressing the motion for summary judgment, the district court, 525 F.Supp. 96, 99 (W.D.La.1981), was cognizant of opinions by the Louisiana intermediate appellate courts which recognize "that legal malpractice may spawn causes of action sounding in both tort and contract," citing *Bill Nolan Livestock, Inc. v. Joseph Simpson*, 402 So.2d 214 (La.App.1981), *Ambrose v. Roberts*, 393 So.2d 132 (La.App.1980), *Jackson v. Zito*, 314 So.2d 401 (La.App.1975), and *Vessell v. St. Paul Fire & Marine Ins. Co.*, 276 So.2d 874 (La.App.1973). However, the district court viewed these cases as involving only specific, result-oriented attorney/client contracts containing special warranties or situations in which the lawyer simply failed to perform.

Uncertainty abounds as to whether these decisions are subject to such limitation. It also is not certain whether these decisions are to be taken as reflective of the dispositive rule in Louisiana. The opinion in *Corceller v. Brooks*, 347 So.2d 274 (La.App. 1977), from the Louisiana Fourth Circuit Court of Appeal, suggests that a legal malpractice claim may sound only in tort, with the accompanying one-year prescriptive period. In addition, the *Corceller v. Brooks* court stated that "Warranty or guarantee by an attorney of a particular result of a litigious claim is foreign to the nature of the legal profession," *id.* at 277 (footnote omitted), which, if a correct assessment of Louisiana law, undermines the district court's basis for distinguishing *Bill Nolan Livestock, Inc., Ambrose,* and *Vessell*. As is apparent, the decisions by Louisiana's intermediate appellate courts are not in accord.

One opinion from the Supreme Court of Louisiana, *Ramp v. St. Paul Fire & Marine Ins. Co.*, 263 La. 774, 269 So.2d 239 (1972), is cited in support of the proposition that a legal malpractice suit is an ex delicto action. We do not find *Ramp* dispositive; it merely suggests that an attorney may, by a negligent act, breach the duty owed to a client. We agree with the author of the concurring opinion in *Ambrose v. Roberts*, 393 So.2d 132, 134 (La.App.1980) (Stoker, J., concurring), that "The Louisiana Supreme Court has not flat-footedly ruled on this question . . . ."

Our research discloses that the Supreme Court of Louisiana addressed the limitations issue, in at least one context, in *Succession of Killingsworth*, 292 So.2d 536 (La. 1974). On original hearing, Louisiana's highest court ruled that persons who were denied a legacy because an attorney prepared an invalid will were entitled to maintain a contract action as third-party beneficiaries. The testament was viewed as a stipulation *pour autrui* and the applicable prescriptive period was taken to be ten years under Civil Code article 3544. In its discussion, the court indicated that a lawyer's failure to exercise reasonable care in performing services was subject to suit under both tort and contract theories. Unfortunately, *Killingsworth* lost its dispositive force on rehearing because the court found and declared the disputed will to be valid, thus relegating the earlier malpractice discussion to the limbo of obiter dictum.

Our quandry is genuine and our concern is great. Conscious of the commands of *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), that we are to apply state law in this diversity case, and fully cognizant of the importance of this legal issue to clients and to the legal profession of Louisiana, we shall certify essentially the following inquiry to the Supreme Court of Louisiana:

> Does the legal malpractice suit filed by John Lee Sincox sound in tort, with the accompanying one year prescriptive period under Civil Code article 3536, or is the action one for breach of contract, which may be commenced within ten years under Civil Code article 3544?

With the understanding that the Louisiana Supreme Court is not restricted to our articulation of the question, *Martinez v. Rodriquez*, 394 F.2d 156 (5th Cir. 1968), we shall seek its assistance and guidance.

Following our customary practice we request counsel to submit a joint statement of facts and proposed agreed certificate of the question(s), *see West v. Caterpillar Tractor Co.*, 504 F.2d 967 (5th Cir. 1974).

CERTIFIED.