PRICE, Judge.
Plaintiff appeals the judgment of the trial court sustaining defendant James B. Wells’s exception of prescription and dismissing her claims against him. The sole issue on appeal is whether this suit is governed by the one-year prescriptive period *512 applicable to delictual claims or the ten-year period of actions in contract.
It was stipulated at the hearing on the exception that if the applicable time limit is one year the claim has prescribed, but it remains viable if the ten-year limit applies.
Plaintiff’s petition states the following factual allegations. She engaged defendant as her attorney in August 1979 to represent her in divorce proceedings. She gave him gold jewelry worth $1,300 as security until she could raise the money to pay defendant’s fee of $825. Defendant did obtain a divorce for Mrs. Gumm, making seven contested court appearances in her behalf from August 1979 to March 1980. On April 25,1980, plaintiff still did not have sufficient money to pay the fee owed at that time, so defendant persuaded her to transfer to him her interest in the former community home so he could have it sold at partition sale, deduct the fees owed him from the proceeds of the sale and give her the balance. Defendant, through partition proceedings, had the house sold, netting the sum of $16,682.08. He also brought garnishment proceedings on plaintiff’s behalf against her former husband, recovering $9,032.62. Of the total monies collected by defendant, he has disbursed to her $2,218.83 and has never returned the jewelry given as security. She claims he owes her the proceeds of the stated transactions after deduction of defendant’s fee and the funds already disbursed to her.
This suit was filed November 2, 1982. Defendant’s exception of prescription was sustained by the trial court on the grounds that plaintiff’s suit is a claim for conversion, thus sounding in tort and prescribed in one year from the date of the alleged misconduct. The court further held that the prescription of one year would apply even if the suit could be classified a legal malpractice action against plaintiff’s attorney under the rationale of the First Circuit in Cherokee Restaurant, Inc. v. Pierson, 428 So.2d 995 (La.App. 1st Cir.1983). We find the trial court erred in sustaining the exception of prescription and reverse the judgment for the following reasons.
We need not decide whether the trial court was correct in characterizing this action as one setting forth the elements of the tort of wrongful conversion, which has been defined by the Louisiana jurisprudence as a distinct act of dominion wrongfully exerted over another’s property in denial of or inconsistent with the owner’s rights therein. Wrongful conversion is recognized as an offense or quasi offense under La.C.C. Article 2315 and would seem to be subject to the prescriptive period of one year under La.C.C. Article 3536. See Madden v. Madden, 353 So.2d 1079 (La.App. 2d Cir.1977). Wrongful conversion is not the only cause of action, however, that is stated by plaintiff’s petition when the petition is construed in the most favorable light.
When we consider the contractual attorney-client relationship alleged to have existed between these parties, the more critical question is whether plaintiff’s action against her attorney may also be classified as one based on contract or whether it is to be limited to a malpractice claim based on negligence. There is an apparent conflict among the appellate courts of this state concerning the law of prescription applicable to clients’ claims against attorneys.
In Cherokee Restaurant, Inc. v. Pierson, supra, the First Circuit concluded that the ruling of the Louisiana Supreme Court in Sciacca v. Polizzi, 403 So.2d 728 (La.1981), involving medical malpractice should also be applied to legal malpractice claims. In Sciacca, the Supreme Court noted that, unlike other professions and vocations, the physician does not, simply by undertaking the treatment of a case, contract with a patient for a specific result. It concluded that a medical malpractice action is delictual in nature, unless the physician warrants or promises a specific result, expressly overruling decisions of the First and Fourth Circuits holding a negligent act of malpractice by a physician could constitute either a tort or a breach of contract for services, even when there was no guarantee of a specific result by the physician. The First Circuit in Cherokee Restaurant found no reason to differentiate between medical *513 malpractice and legal malpractice and applied the Sciacca holding to their petitioner’s claim against its former attorney for failure to draft a valid lease. In so holding the court stated:
... A malpractice action against an attorney will now normally be subjected to the one year prescriptive period of La. Civ.Code Art. 3526. However, when an attorney expressly warrants a particular result, i.e., guarantees winning a lawsuit, guarantees title to property, guarantees or warrants the ultimate legal effect of his work product, or agrees to perform certain work and does nothing whatsoever, then clearly there would be an action in contract and the ten year prescriptive period of La.Civ.Code Art. 3544 would apply.
Cherokee Restaurant, Inc. v. Pierson, supra, at p. 999.
More recently, the Third Circuit considered the applicability of Sciacca to malpractice actions against attorneys in Wingate v. National Union Fire Insurance Co., 435 So.2d 594 (La.App. 3d Cir.1983), involving a plaintiff’s claim for his former attorney’s failure to timely file suit on his behalf. In contemplating the effect of Sciac-ca on legal malpractice the court stated:
... In respect to the application of prescription, we find no indication that attorneys are to be placed in the same position as physicians. The Legislature has enacted special legislation pertaining to prescription of malpractice actions against physicians. No such legislation has been enacted as to suits against attorneys. Under these circumstances, we feel that we must adhere to our rulings in Ambrose and Johnson.
The cases referred to, Ambrose v. Roberts, 393 So.2d 132 (La.App. 3d Cir.1980), writ denied 394 So.2d 1234 (La.1980), and Johnson v. Daye, 363 So.2d 940 (La.App. 3d Cir.1978), hold that a malpractice action against an attorney may state a claim both ex delicto and ex contractu, even though the petition be couched in language asserting a claim based on negligence of the attorney.
Looking to the circumstances of the instant case, it is not necessary for this court to speak to the issue of whether there should be a distinction between medical malpractice and legal malpractice. Taking the allegations of plaintiff’s petition as true, we find that she has stated a definite contractual cause of action. This claim is not related to the result of the litigation undertaken by defendant on Mrs. Gumm’s behalf, but to their ancillary agreements regarding payment of defendant’s fee and defendant’s collection of monies due plaintiff by her former husband. Specifically, she has alleged a security agreement with regard to defendant’s possession of her gold jewelry under which he would be obligated to return her jewelry upon collecting his fee. She further alleged a definite promise by the defendant to give to her any balance from the proceeds of the sale of the former community home after deduction of his fee. Finally, she has alleged that he has received funds in his capacity as her attorney and agent from garnishment proceedings which he is obligated to disburse to her as a component of the underlying employment contract between them. In fact, the attorney’s obligation with respect to such funds is set forth in detail in the Code of Professional Responsibility, DR 9-102.
Thus, this is not a malpractice claim based on negligence, but a claim for money due the plaintiff pursuant to specific agreements between client and attorney. Since we find that plaintiff has alleged specific guarantees or promises by the defendant attorney, this case would fall within the exception to the general rule stated in Sci-acca and Cherokee Restaurant. See also Julien v. Wayne, 415 So.2d 540 (La.App. 1st Cir.1982) and Cummings v. Skeahan Corp., 405 So.2d 1146 (La.App. 1st Cir.1981). While we express no opinion on the merits of the litigation, we find the allegations of the petition clearly set forth a cause of action sounding in contract and the claim against defendant is therefore governed by the prescription of ten years provided by La.C.C. Article 3544.
*514 For the foregoing reasons, the judgment of the trial court is reversed, and defendant’s plea of prescription is overruled. This matter is remanded for further proceedings. Costs of this appeal are assessed against defendant-appellant.
REVERSED, RENDERED, and REMANDED.